**STATE of Maine**

v.

**Roland M. BERGERON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 10, 1992.
Decided Oct. 5, 1992.

Charles K. Leadbetter, Asst. Atty. Gen., Alan P. Kelley, Deputy Dist. Atty., Augusta, for the State.

Roland M. Bergeron, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, and RUDMAN, JJ.

ROBERTS, Justice.

Defendant Roland M. Bergeron appeals from a judgment entered in the Superior Court (Waldo County, *Silsby, J.*) dismissing as untimely his motion for correction or reduction of his sentence pursuant to M.R.Crim.P. 35. Bergeron contends that the one-year time limitation imposed by Rule 35 was tolled because the execution of his sentence was stayed pursuant to a court order. We affirm the dismissal.

Bergeron was sentenced on February 20, 1990, but execution of his sentence was stayed until June 14, 1990. Bergeron filed his Rule 35 motion on May 21, 1991, beyond the one-year time limit of the rule. He argues that the one-year time period was tolled by the stay of execution, thus rendering his motion timely because it was filed within one year after execution of his sentence commenced. We disagree. Rule 35 contains no provision that a stay will operate to toll its one-year time period. *Cf. State v. Gagne*, 570 A.2d 825, 826 (Me. 1990) (one-year time period imposed by Rule 35(a) is not tolled during pendency of an appeal to the Law Court). Moreover, Bergeron's strained interpretation is contrary to the plain language of Rule 35 which states that it is the date of the *imposition* of sentence, rather than the date of commencement of execution of the sentence, that begins the running of the one-year time period within which to file a motion for correction or reduction of sentence. M.R.Crim.P. 35(a), (c)(1).

The entry is:

Judgment affirmed.

All concurring.